# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNE SANDERS, CEO, P.T.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-172** |
| **DEPARTMENT OF HEALTH & HUMAN SERVICES, ET AL.** | **SECTION "L" (3)** |

## REPORT AND RECOMMENDATION

Before the Court are Separate Defendant, Arkansas Blue Cross and Blue Shield's Motion to Dismiss [Doc. #10], Separate Defendant, Pinnacle Business Solution Inc.'s Motion to Dismiss [Doc. #11] and AdvanceMed Corporation's Motion to Dismiss [Doc. #18]. No opposition to the motions has been filed. For the following reasons, the Court recommends that the motions to dismiss be granted.

On January 25, 2010, plaintiff sued the Department of Health and Human Services, AdvanceMed Corporation ("AdvanceMed"), Arkansas Blue Cross and Blue Shield (Blue Cross") and Pinnacle Business Solutions, Inc. ("Pinnacle"). Plaintiff alleges that she, her family and her business sustained injuries "due to the negligent or wrongful act or omission of a federal employee who should have acted within the scope of employment." [Doc. #1 at p. 1]. Plaintiff alleges that "[t]he government hired employees (including Contract Companies) . . . were wrong and they should make this situation whole." *Id.* at p. 3. Plaintiff seeks $20 million.

Defendants Pinnacle and Blue Cross are contract "carriers" and "fiscal intermediaries" through which the Secretary of Health, Education and Welfare administers the Medicare Act. 42 U.S.C. § 1395u. Defendant AdvanceMed is also a "carrier" and/or "fiscal intermediary" that, pursuant to 42 U.S.C. § 1395ddd, entered an Indefinite Delivery/Indefinite Quality Contract with the Center for Medicare and Medicaid Services to "provide services under individual Task Orders as a MIP Program SafeGuard Contractor ("PSC") in order to identify, stop and prevent medicare fraud and abuse." (Ex. A, attached to AdvanceMed's Mot. Dismiss). These three defendants now move to dismiss plaintiff's complaint on the ground, *inter alia*, of sovereign immunity.

It is well-established law in the Fifth Circuit and other circuits that district courts lack jurisdiction over such Medicare fiscal intermediaries as Pinnacle, Blue Cross and AdvanceMed under the doctrine of sovereign immunity. *See Matranga v. Travelers Ins. Co.*, 563 F.2d 677, 677 (5th Cir. 1977); *Peterson v. Weinberger*, 508 F.2d 45,51-52 (5th Cir. 1975); *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 58 (5th Cir. 1975); *Lifeline EMS, Inc. v. Ark. Blue Cross & Blue Shield*, No. Civ. A. 00-3176, 2001 WL 118597, at *2 (E.D. La. Feb. 8, 2001); *Tex. Clinical Labs, Inc. v. Shalala*, No. CA3-96-CV-0571-R, 1997 WL 160276, at *1 (N.D. Tex. Mar. 31, 1997); *Livingston v. Blue Cross and Blue Shield of Ala.*, 788 F. Supp. 545, 547-48 (S.D. Ala. 1992). The Medicare Act authorizes the Secretary of Health, Education and Welfare to provide for the administration of the Medicare Act through contract "carriers" or "fiscal intermediaries." 42 U.S.C. § 1395u. Pinnacle, Blue Cross and AdvanceMed are such carriers. In this situation, the United States is the real party in interest. *Matranga*, 563 F.2d at 677.

Pinnacle, Blue Cross and AdvanceMed were acting under the direction of the Secretary of Health, Education and Welfare, and there is no evidence before this Court that defendants were

2

acting outside the perimeters of their official duties in their dealings with plaintiff. While plaintiff tersely alleges that these three defendants "should have acted within the scope of employment," such a bare and unsupported allegation is insufficient to withstand a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993) (unsupported conclusory allegations are insufficient to withstand a motion to dismiss). Accordingly, this Court lacks subject-matter jurisdiction over these three defendants under the doctrine of sovereign immunity. For these reasons,

**IT IS RECOMMENDED** that Separate Defendant, Arkansas Blue Cross and Blue Shield's Motion to Dismiss [Doc. #10], Separate Defendant, Pinnacle Business Solution Inc.'s Motion to Dismiss [Doc. #11] and AdvanceMed Corporation's Motion to Dismiss [Doc. #18] be GRANTED.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana this 16th day of July, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**