UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE SANDERS, CEO, P.T. | CIVIL ACTION |
| VERSUS | NO. 10-172 |
| DEPARTMENT OF HEALTH & HUMAN SERVICES, ET AL. | SECTION "L" (3) |

### ORDER & REASONS

#### I. BACKGROUND

This case arises out of *pro se* Plaintiff Anne Sanders' operation of her physical therapy business. Plaintiff alleges that Defendants are government entities or Medicare contractors who injured her by failing to process claims or otherwise negligently performing their duties. Plaintiff filed suit against these entities seeking $20,000,000 in damages.

#### II. PRESENT MOTIONS

The Court has two matters pending before it. First, the Plaintiff has filed objections to the Magistrate's report and recommendations (Rec. Doc 37) on three motions to dismiss filed by Defendants AdvanceMed Corporation, USAble Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue Shield, and Pinnacle Business Solutions, Inc., ("the Medicare Defendants") on the grounds of sovereign immunity (Rec. Docs. 10, 11, 18). The Magistrate Judge recommended that the motions be granted.

The Court also has pending before it Defendant Department of Health and Human Services (DHHS)'s motion to dismiss (Rec. Doc. 41). DHHS argues that Plaintiff did not timely

1

file the administrative claim required under the FTCA, and therefore sovereign immunity to this suit has not been waived and the Court lacks subject matter jurisdiction. DHHS also argues that Plaintiff has failed to adequately allege enough factual content to survive 12(b)(6) dismissal.

Plaintiff has opposed DHHS's motion and objected to the Magistrate's recommendation. Plaintiff argues that the Medicare Defendants did not comply with Medicare regulations by failing to assist her, and that her administrative appeal was timely.

## II.     Law & Analysis

### A.     Standard of review

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the party asserting subject matter jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (quotation omitted). The Court may decide the jurisdictional question based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996) (citations omitted). If the Court resolves disputed facts to decide if it has jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina*

*Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, — U.S. —, —, 129 S.Ct. 1937, 1949 (2009).  Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Id*.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "This requirement holds true even for pro se litigants."  *Roque v. Jazz Casino Co. LLC*, 2010 WL 2930876, at *3 (5th Cir. July 22, 2010).

Magistrate judges are empowered by statute to preside over certain pretrial matters upon appointment by a district judge. 28 U.S.C. § 636(b)(1)(A). A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no specific objection is made, as long as those sections are not clearly erroneous.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). However, where a party makes "specific, written objections" within ten days after being served with a copy of the magistrate's recommendations, the district court must undertake *de novo* review of those contested aspects of the report.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b).

**C.   Analysis**

    **1.   Objections to Magistrate's Report and Recommendation**

The Medicare Defendants moved to dismiss on grounds of sovereign immunity, arguing that they are contract carriers and fiscal intermediaries for the United States and thus immune

3

from suit.  The Magistrate issued a report recommending that all the motions to dismiss be granted.  The Magistrate cited long-established Fifth Circuit precedent holding that Medicare fiscal intermediaries, such as the Medicare Defendants, benefit from sovereign immunity where they act under the direction of the Secretary of Health, Education, and Welfare and act within the perimeters of their official duties.  *E.g.*, *Matranga v. Travelers Ins. Co.*, 563 F.2d 677, 677 (5th Cir. 1977); *Peterson v. Weinberger*, 508 F.2d 45, 51-52 (5th Cir. 1975); *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 58 (5th Cir. 1975); *see also Marsaw v. Thompson*, 133 Fed. App'x 946, 949 (5th Cir. 2005) (holding that Medicare intermediary is entitled to immunity for "decisions to pay or deny reimbursements.").  "Even where plaintiff alleges willful and wanton misconduct sovereign immunity protects the Medicare funds." *Anderson v. Occidental Life Ins. Co. of Cal.*, 727 F.2d 855, 856 (9th Cir. 1984) (citing *Matranga*, 563 F.2d 677).

   The Magistrate treated these motions as unopposed because Plaintiff did not timely file an opposition.  The Magistrate Judge held that Plaintiff's bare allegation that the Medicare Defendants "should have acted within the scope of employment" is too vague and conclusory to withstand a motion to dismiss.  The same day that the Magistrate issued his report and recommendations, Plaintiff filed an untimely opposition.  Plaintiff has also filed an objection to the report and recommendations, asserting that the Medicare Defendants did not respond to her requests for assistance with billing issues and did not inform her when her claims were referred to a fraud investigating department.  Plaintiff provides something that appears to be a Medicare guideline indicating that providers should be notified of probes.  She also asserts that she has documents and tape recordings which support the facts of the case.

   Even though Plaintiff must be given leeway in light of her *pro se* status, her allegations

are insufficient to defeat sovereign immunity. The gravamen of Plaintiff's claim is, in her words, the recovery of "my past outstanding Medicare balance." (Rec. Doc. 45-1 at 6). Although Plaintiff urges that she has suffered consequential damages such as the loss of her home, those losses occurred only because of the alleged failure to timely receive Medicare reimbursement. Plaintiff has attempted to articulate what she believes that the Medicare Defendants did wrong, such as alleged failure to assist her and failing to notify referral of her claims to a fraud investigation, but the result of this alleged non-compliance with Medicare regulations was denial of Medicare reimbursement claims. Those claims for reimbursement would be paid from the United States Treasury, and therefore the United States is the real party in interest. *See Matranga*, 563 F.2d at 677. Moreover, the alleged non-compliance does not rise to the level of fraud "such as misrepresenting that the medicare provider's [costs] were not reimburseable" that might make the Medicare Defendants individually liable. *Cf. Marsaw*, 133 Fed. App'x at 949. The Medicare Defendants are only fiscal intermediaries and are immune from suit. The Court concludes that the Magistrate's report and recommendation is correct and adopts it. The Medicare Defendants' Motions to dismiss are GRANTED.

    **2.**        **DHHS Motion to Dismiss**

Prior to filing suit under the FTCA, a plaintiff must make a claim to the appropriate agency within two years of the date that the claim accrues. 28 U.S.C. §§ 2401(b), 2675. Failure to do so is a jurisdictional defect and deprives the Court of subject matter jurisdiction. *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998). "A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Huerta v. United States*, 2010 WL 2710675, at *1 (5th Cir. June 23, 2010).

DHHS moves to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff did not comply with the FTCA by bringing her administrative claim within two years of accrual. DHHS relies on the administrative record from Plaintiff's FTCA claim, in which she asserted that Medicare claims had been denied or unpaid since October, 2002. However, Plaintiff did not bring her claim to the agency until June 29, 2009. Further, based on the timeline Plaintiff provided in connection with her administrative claim, DHHS argues that no federal employee performed any allegedly negligent act or omission in the two years preceding her claim. Therefore, an element of FTCA sovereign immunity waiver is missing and Plaintiff's claim should be dismissed for lack of subject matter jurisdiction. Plaintiff argues in response that she has had communications with and received documents from the DHHS in the two years prior to bringing her claim, and therefore her claim is timely. Plaintiff also argues that the Medicare Defendants failed to respond to respond to her administrative claim with DHHS, and therefore suit against DHHS is somehow timely.

It is apparent from the allegations and supporting documentation that Plaintiff did not have any Medicare claims denied in the two years preceding the administrative claim she filed on June 29, 2009. Plaintiff evidently argues that DHHS's conduct towards her constitutes a continuing tort. She contends that because she remained in contact with some government officials after June 29, 2007 in connection with the same course of conduct towards her that her administrative claim was timely.

The Fifth Circuit appears to accept the possibility of a continuing tort doctrine in the FTCA context. *See Huerta*, 2010 WL 2710675, at *1. In *Huerta*, a prisoner argued that seizure of some of his funds constituted a continuing tort "because he was deprived of his money every

day that it was not in his possession." *Id.* The Fifth Circuit rejected the argument, but not because the continuing tort doctrine can never apply to an FTCA claim; rather, the Fifth Circuit succinctly concluded that "[t]he government seized [plaintiff's] money once" and although the plaintiff "experienced the consequences of that injury afterwards, the continued poverty he alleges does not convert the one-time seizure into an ongoing tort." *Id.*

Plaintiff's situation is analogous to the plaintiff's in *Huerta*. Plaintiff's claims for Medicare reimbursement were only denied once. Plaintiff's injury, if any, accrued at that time, and Plaintiff was obligated to bring an administrative claim for each injury within two years of that denial. Plaintiff's timeline of her efforts to resolve her complaints does not list any reimbursement claims that were denied in the two years preceding her administrative claim. (Rec. Doc. 43-1 at 16-19). Accordingly, her administrative claim was untimely and that non-compliance divests the Court of subject matter jurisdiction under the FTCA.[1]

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File Supplemental Opposition (Rec. Doc. 50) is granted. DHHS's motion to dismiss (Rec. Doc. 41) is GRANTED and

---

[1] After oral argument, Plaintiff sought leave to file a supplemental opposition to the DHHS's motion to dismiss. Plaintiff asserts that simultaneously with her June 27, 2009 administrative claim, she sent copies of the same claim to the Medicare Defendants. Citing 28 U.S.C. § 2675(a), Plaintiff argues that because the Medicare Defendants allegedly did not react within six months or deny her administrative claim, DHHS is somehow responsible and jurisdiction is proper. Section 2675(a) governs administrative claims brought before a federal agency as a prerequisite to filing suit against the United States under the FTCA. The Medicare Defendants' failure to respond to an administrative claim arising out of their alleged conduct cannot waive the United States' sovereign immunity if a plaintiff has not complied with all jurisdictional requirements under the FTCA. Because Plaintiff did not timely bring her administrative claim before the DHHS, as explained above, the argument presented in Plaintiff's supplemental opposition does not avoid dismissal.

Plaintiff's claims against DHHS are dismissed without prejudice.  Further, the court ADOPTS AND APPROVES the Magistrate's Report and Recommendations and the Medicare Defendants' motions to dismiss are GRANTED.  The Plaintiff's claims against the Medicare Defendants are dismissed without prejudice.  The Court expresses no opinion as to whether Plaintiff may have an alternate administrative remedy under the Medicare Act and regulations or some other statute other than the FTCA.  Accordingly, this case is dismissed without prejudice to Plaintiff's pursuit of any such appropriate administrative remedy, if indeed she has a claim.  Furthermore, because the dismissal is based on lack of subject matter jurisdiction, the Court has discretion whether to impose "just costs" on Plaintiff.  *See* 28 U.S.C. § 1919; *Religious Tech. Center v. Liebreich*, 98 Fed. App'x 979, 986-87 (5th Cir. 2004) ("Orders under this statute are purely *permissive*.") (emphasis in original).  In light of Plaintiff's *pro se* status, the Court will not impose costs.

New Orleans, Louisiana this 30th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE

Clerk to serve Plaintiff via Certified Mail.